IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSUE VILLAREAL PEREZ, | § | |
| TDCJ #1160219, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1982 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER ON DISMISSAL

Josue Villareal Perez is a state inmate incarcerated in the Texas Department of

Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He has filed a

petition for federal habeas corpus relief under 28 U.S.C. § 2254 to challenge a state court

felony conviction. After reviewing the pleadings in accordance with Rule 4 of the Rules

Governing Section 2254 Cases in the United States District Courts, the Court concludes that

the petition must be **dismissed** because it is apparent that the petitioner has failed to exhaust

available state court remedies.

## I.    BACKGROUND

Perez reports that he was convicted following a jury trial in the 184th District Court

of Harris County, Texas, on March 10, 2003, of failing to comply with state requirements

to register as a sex offender. As a result, Perez received a prison sentence of thirty-seven

years. A state intermediate appellate court affirmed the conviction and sentence. *See State*

*v. Perez*, No. 06-03-0067, 2004 WL 351812 (Tex. App. — Texarkana Feb. 25, 2004).  The

Texas Court of Criminal Appeals refused his petition for a discretionary review on June 9,

2004.

Perez now seeks federal habeas corpus relief from his state court conviction.  A

review of the pleadings shows, however, that the state courts have not yet completed their

review of his conviction.  Perez concedes that, of the ten claims presented in his petition,

several were not raised on direct appeal, but were submitted to the state courts for review in

a state application for a writ of habeas corpus.  (Docket Entry No. 1, ¶ 22).  Perez presents

a "green card" showing that he sent his state habeas corpus application by certified mail and

that it was received recently by the Harris County District Clerk on April 27, 2005.  To date

there has been no ruling by the state courts on that application.  Thus, it appears that Perez

has not yet exhausted all available state court remedies on all of his claims as required before

seeking federal habeas corpus relief.

## II.     <u>EXHAUSTION – MIXED PETITIONS</u>

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before

he may obtain federal habeas corpus relief."  *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir.

1995).  The doctrine of exhaustion reflects a policy of federal/state comity.  *See Coleman v.

Thompson*, 501 U.S. 722, 730-31, 111 S. Ct. 2546, 115 L. Ed.2d 640 (1991).  This

exhaustion requirement, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), provides in

pertinent part as follows:

(b)(1) An application for a writ of habeas corpus on behalf of a person in

custody pursuant to the judgment of a State court shall not be granted unless it appears that  –

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)(i)  there is an absence of available State corrective process; or

(ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

* * * *

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b) – (c).  Exhaustion is so important that courts may raise a petitioner's failure to exhaust *sua sponte*.  *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001), *cert. denied*, 534 U.S. 1164 (2002).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present the substance of his claim to the state courts. *See Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2000) (citing *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S. Ct. 509, 30 L. Ed.2d 438 (1971)).  In Texas, exhaustion may take one of two paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals, or (2) he may file an application for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court which, if denied, is transferred to the Texas Court of

Criminal Appeals.  *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990) (discussing the paths of exhaustion in Texas).

The pending federal habeas corpus petition plainly presents factual and legal claims that were not decided on direct appeal and have not been ruled upon by the state's highest court.  (Docket Entry No. 1, ¶ 22).  The state's interest in reviewing Perez' claims is of particular importance here because many of the arguments presented in his federal petition involve a Texas statute, namely, the statute governing sex offender registration.  Because Perez concedes that Texas has not yet addressed or decided the issues raised in his state habeas corpus application, his pending federal petition contains, at best, a mix of exhausted and unexhausted claims.  *See Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982)).  Under the rule that "total exhaustion" is required before federal habeas corpus review can commence, the Fifth Circuit has held that a mixed habeas corpus petition "must be dismissed without prejudice," unless there is "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  *Alexander*, 163 F.3d at 908 (quoting 28 U.S.C. § 2254(b)(1)(B)).

In his petition, Perez complains that the state has not filed a timely answer to his pending habeas application.  However, this application was filed with the state court very recently on April 27, 2005.  It has been pending for less than two months.  The delay, if any, is not so long as to satisfy either of the two statutory exceptions to the exhaustion doctrine.  Accordingly, because the interests of comity are best served in this case by Texas courts

having an opportunity to consider his claims, the Court concludes that the mixed petition filed by Perez is subject to dismissal for failure to exhaust all state remedies as required under 28 U.S.C. § 2254.  *See Alexander*, 163 F.3d at 909.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed.2d 931 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, — U.S. —, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed.2d 542 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to

5

deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct.  Accordingly, a certificate of appealability will not issue in this case.

## IV.   <u>CONCLUSION</u>

For these reasons, the Court **ORDERS** as follows:

1.    The petitioner's motion for leave to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

2.    The petition is **DISMISSED WITHOUT PREJUDICE** for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

3.    A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas on **June 14, 2005**.

Nancy F. Atlas
United States District Judge